# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**HILLARD HATHAWAY**                                              **PETITIONER**
**Reg #07523-027**

**VS.**                          **CASE NO.: 2:11CV00168 BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                       **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner Hillard Hathaway, an inmate in the Federal Correctional Institution in

Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus

(docket entry #1), challenging a prison disciplinary conviction.  Warden T.C. Outlaw has

responded to the petition (#9), and Mr. Hathaway has replied.  (#12)  For the following

reasons, Mr. Hathaway's petition will be DENIED and DISMISSED, with prejudice.

## I.     Background

During all times relevant to this petition, Mr. Hathaway was housed in the Federal

Correctional Institution in Fort Dix, New Jersey ("FCI-FD").  In the fall of 2010, FCI-FD

officials apparently found Mr. Hathaway in possession of a cellular telephone.[1]  (#9-1, p.

16-27)  FCI-FD officials charged Mr. Hathaway with violating Prohibited Act Code 108,

Possession or Introduction of a hazardous Tool ("PAC 108").  (#9-1, p. 20)

---

[1] The incident report and officer statement list the date of the incident as October
2, 2010.  (#9-1, p. 16, 20, 27)  A witness statement lists the date as October 8, 2010.  (#9-
1, p. 17)  The discipline hearing officer found the incident occurred on or about
September 2, 2010.  (#9-1, p. 17)

On November 5, 2010, Mr. Hathaway attended a disciplinary hearing for the PAC 108 violation.  The hearing officer found Mr. Hathaway guilty of the violation, revoked forty days of good-conduct time, suspended telephone privileges for eighteen months, suspended commissary and visitation privileges for sixty days, and imposed thirty days in disciplinary segregation.[2]  (#9-1, p. 16-19)

Mr. Hathaway does not deny that he possessed the telephone; nor does he challenge the evidence against him.  Instead, he claims that FCI-FD officials erroneously charged him with a PAC 108 violation, when possession of the telephone was really a violation of PAC 305 – a lesser violation.  Mr. Hathaway also claims that a 2011 amendment to the text of PAC 108 violated the Administrative Procedure Act.[3]

II.    **Discussion**

Mr. Hathaway alleges that PAC 108 did not encompass possession of cellular telephones until it was amended in 2011– after his infraction of PAC 108 in the fall of 2010.  (#1, p. 9)  For that reason, he argues, the Constitution's *ex post facto* clause prohibits his punishment under PAC 108.  (#1, p. 8-9)  Mr. Hathaway also alleges that the

---

[2] Mr. Hathaway alleges he lost 100 days of good-conduct time, 545 days of telephone privileges, and 90 days of commissary and visitation privileges, in addition to receiving 30 days in disciplinary segregation.  (#1, p. 7)

[3] The 2011 amendment to PAC 108 added "portable telephone" and other devices to a list of examples of "hazardous tools."  (#9-1, p. 36)  Prior to the amendment, the only example of a "hazardous tool" listed in PAC 108 was "hack-saw blade."  (#9-1, p. 40)

2011 PAC 108 amendment did not comply with the Administrative Procedure Act and was unenforceable, in any event.  Neither of these claims has merit.

A.      *Ex Post Facto*

The Constitution's *ex post facto* clause prohibits an authority from retroactively altering the definition of a crime or increasing the punishment.  *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (citing *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S.Ct. 2715 (1990)).  The facts of this case establish that the 2011 amendment to PAC 108 did not implicate an *ex post facto* disciplinary issue.

Mr. Hathaway possessed the telephone in the fall of 2010.  FCI-FD officials found him guilty and rendered his punishment in November 2010.  The 2011 amendment took effect in August 2011.  FCI-FD officials at no point altered the PAC 108 charge or increased Mr. Hathaway's punishment after the amendment took effect.

At the FCI-FD, the definition of a "hazardous tool" under PAC 108 included a cellular telephone years before Mr. Hathaway's PAC 108 charge.  The Third Circuit Court of Appeals, where the FCI-FD is located, has addressed variations of Mr. Hathaway's PAC 108 argument numerous times.  Each time, the Third Circuit has found that possession of a cellular telephone was properly considered a PAC 108 violation before the 2011 amendment.  See *Hall v. Zickefoose*, 448 Fed.Appx 184 (3rd Cir. 2011) (per curiam) (inmate at the FCI-FD properly charged with PAC 108 violation, instead of a PAC 305 violation, for possession of a cellular telephone before PAC 108's 2011

amendment); *Materon v. Ebbert*, 446 Fed.Appx. 405 (3rd Cir. 2011) (per curiam) (cellular telephones qualified as "hazardous tool" under PAC 108, not contraband under PAC 305, in accordance with a memorandum issued by the warden); *Patel v. Zenk*, 447 Fed.Appx. 337 (3rd Cir. 2011) (per curiam) (amendment to PAC 108 made explicit what was implicit, that a cellular telephone constitutes a "hazardous tool" subject to PAC 108); *Hicks v. Yost*, 377 Fed.Appx. 223 (3rd Cir. 2010) (per curiam) (Bureau of Prisons' interpretation of PAC 108 to include cellular telephones was not plainly erroneous or inconsistent with that provision, despite the absence of the term "cell phone" in the text); *McGill v. Martinez*, 348 Fed.Appx. 718 (3rd Cir. 2009) (per curiam) (inmate's argument that the warden's interpretation of PAC 108 to include cellular telephones constituted a "revision" of PAC 108 that required a formal amendment was unavailing); *Robinson v. Warden*, 250 Fed.Appx. 462 (3rd Cir. 2007) (FCI-FD inmate's argument that a cellular telephone was not a "hazardous tool" under PAC 108 rejected; inmates received notice through 2005 memorandum that cellular telephone was a "hazardous tool").

The 2011 amendment did nothing to alter the definition of, or punishment for, possession of a hazardous tool under PAC 108. Accordingly, Mr. Hathaway's claimed violation of the *ex post facto* clause lacks merit.

B.    *Administrative Procedure Act*

Mr. Hathaway also claims that the 2011 amendment to PAC 108 violated the Administrative Procedure Act. He claims the amendment is unenforceable, thereby

invalidating his disciplinary conviction.  (#1, p. 9-10)  This claim lacks both legal and factual grounding.

The Administrative Procedure Act does not apply to substantive disciplinary determinations involving the reduction of good-conduct time.  *Jordan v. Wiley*, 411 Fed.Appx. 201, 214, 2011 WL 441776 (10th Cir. 2011) (unpublished); see also 18 U.S.C. § 3625 (exempting § 3624, which controls good-conduct time, and other statutes from the Administrative Procedure Act's judicial review provisions).  Mr. Hathaway lost good-conduct time as a result of his PAC 108 disciplinary conviction.  Accordingly, he cannot use the judicial review provisions of the Administrative Procedure Act to challenge this conviction.

Even if the 2011 amendment to PAC 108 was invalid, that finding would have no relevance to Mr. Hathaway's disciplinary conviction.  As noted, Mr. Hathaway possessed the cellular telephone in the fall of 2010.  FCI-FD officials found him guilty and rendered his punishment in November 2010.  The 2011 amendment took effect in August 2011. Invalid or not, the 2011 amendment had no effect on Mr. Hathaway's disciplinary conviction.

## III.   Conclusion

Mr. Hathaway's claims for habeas relief have no merit.  For that reason, Hillard Hathaway's petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 14th day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE